POPE MCGLAMRY KILPATRICK
MORRISON & NORWOOD LLP
C. Neal Pope (pro hac vice)
Michael McGlamry (pro hac vice)
Wade H. Tomlinson III (pro hac vice)
Alan G. Snipes (pro hac vice)
1111 Bay Avenue, Suite 450
Post Office Box 2128  (31902-2128)
Columbus, Georgia  31901

MILBERG WEISS BERSHAD
  & SCHULMAN LLP
MELVYN I. WEISS (pro hac vice)
BRAD N. FRIEDMAN (pro hac vice)
One Pennsylvania Plaza
New York, NY  10119
Telephone:  (212) 594-5300
Facsimile:   (212) 868-1229

*Attorneys for Plaintiff*

GIBSON, DUNN & CRUTCHER LLP
FREDERICK BROWN, SBN 65316
JOEL S. SANDERS, SBN 107234
REBECCA JUSTICE LAZARUS, SBN 227330
One Montgomery Street, Suite 3100
San Francisco, California 94104
Telephone: (415) 393-8200
Facsimile: (415) 986-5309

*Attorneys for Defendants*

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTY SLACK, Individually and On Behalf Of All Persons Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>FAIR ISAAC CORPORATION and MYFICO CONSUMER SERVICES, INC.,<br><br>Defendants. | CASE NO. 3:05-CV-00257-MHP<br><br>**STIPULATION AND [PROPOSED] ORDER RE COORDINATION OF DISCOVERY** |

WHEREAS there is substantial overlap in the discovery relevant to this case and the Hillis Action pending in the United States District Court for the Northern District of Georgia, and

WHEREAS the parties desire to avoid duplication and promote efficiency,

IT IS HEREBY STIPULATED AND AGREED that the parties shall use reasonable efforts to work together to coordinate discovery between the Hillis Action and this case to prevent duplication of effort and to promote the efficient resolution of this case.  Specifically, the following procedures for discovery shall be adopted.

**A.  Definitions**

1. The Hillis Action: means *Hillis v. Equifax, et al*. (Case No. 1:04-CV-3400-BBM) in the United States District Court for the Northern District of Georgia.

2. The Slack Action: means *Slack v. Fair Isaac Corporation, et al.* (Case No. 3:05-CV-00257-MHP) in the United States District Court for the Northern District of California.

3. The District Court: means the United States District Court for the Northern District of California.

**B.  Discovery**

4. Discovery in the Hillis Action between Fair Isaac Corporation and the plaintiff in that action may be used as if produced or taken in the Slack Action, including, but not limited to, observance of any protective order entered in the Slack Action by the District Court.  Such discovery will include documents produced by Fair Isaac Corporation in the Hillis Action, written responses and objections to discovery requests submitted by Fair Isaac Corporation in the Hillis Action and depositions taken of Fair Isaac employees, former employees or experts in the Hillis Action, including all exhibits that consist of documents produced by Fair Isaac Corporation.

5. The parties agree that all discovery produced by Equifax Consumer Services, Inc. ("Equifax"), including written responses to discovery requests, depositions taken of Equifax witnesses, and any exhibits to depositions that include documents produced by Equifax in the Hillis Action may be used as if produced or taken in the Slack Action.  The parties further agree that the use of Equifax discovery may be used for the purposes of establishing a relationship between Fair Isaac and Equifax.  The use of any and all Equifax discovery materials will be governed by this Stipulation

and the Protective Order entered in the Slack Action. However, because some or all of the discovery produced by Equifax may be designated as Confidential or Restricted Confidential under the terms of the Protective Order in place in the Hillis Action, Plaintiff agrees that no such discovery will be used in the Slack Action unless and until Plaintiff obtains a stipulation from counsel for Equifax authorizing such use and/or the District Court for the Northern District of Georgia (Judge Beverly Martin) authorizes that use by order of the court.

6. Until the court in the Hillis Action rules on the pending motion for class certification, discovery in the Slack Action is limited to the relationship between Fair Isaac Corporation, myFICO Consumer Services, Inc. and Suze Orman Media, Inc.,on the one hand, and Transunion (including TrueLink) and Experian (including Freecreditreport.com and ConsumerInfo.com), on the other hand. Following the ruling on class certification in the Hillis Action, counsel shall meet and confer for the purpose of agreeing on the scope of remaining discovery necessary in the Slack Action.

**C.     Deposition Procedure**

7. Defendants' witnesses already deposed in the Hillis Action as fact witnesses or as 30(b)(6) witnesses shall not be deposed again in the Slack Action except as to matters not relevant to the Hillis Action, absent agreement of the parties or by motion for good cause shown.

**D.     Written Discovery Guidelines**

8. Plaintiff agrees to use her best efforts to avoid duplicate interrogatories, requests for admission, and requests for documents already propounded in the Hillis Action. The parties agree that duplication is a proper objection to written discovery requests.

**E.     Use of Discovery Obtained in the Hillis Action**

9. By agreeing to this stipulation, no party waives any objection to the use (in any form) of any discovery obtained in the Hillis Action. Nothing contained in this Stipulation and Order shall constitute or be deemed to constitute a waiver of any objection of any defendant or plaintiff to the admissibility at trial of any documents, deposition testimony or exhibits, or written discovery responses provided or obtained in accordance with the Order, whether on grounds of relevance, materiality or any other basis, and all such objections are specifically preserved. The fact that

1  discovery in the Hillis Action is treated as if it had been taken in the Slack Action shall have no
2  bearing on its use, admissibility, relevance or credibility in any subsequent proceedings.
3      STIPULATED AND AGREED TO BY:
4  DATED: __January 3, 2006_

7  By: ___/s:/_Michael McGlamry_____     By: ____/s:/ Frederick Brown_____
            Michael McGlamry                            Frederick Brown

POPE MCGLAMRY KILPATRICK                GIBSON, DUNN & CRUTCHER LLP
MORRISON & NORWOOD LLP                  One Montgomery Street, Suite 3100
1111 Bay Avenue, Suite 450                    San Francisco, California 94104
Post Office Box 2128  (31902-2128)
Columbus, Georgia  31901                       **Attorneys for Defendants**

13  By: ___/s:/ Brad N. Friedman_____
            Brad N. Friedman

MILBERG WEISS BERSHAD
& SCHULMAN LLP
One Pennsylvania Plaza
New York, NY  10119
Telephone:  (212) 594-5300
Facsimile:  (212) 868-1229

**Attorneys for Plaintiff**

IT IS SO ORDERED.

Dated: January 4, 2006

_____
Judge Marilyn H. Patel
United States District Judge
Northern District of California

40219552_3.DOC